FILED
2026 Sep-02 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ERIN BOOKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: ___________** |
| | ) | |
| **MANSA-ATH, LLC d/b/a HOME2 SUITES HILTON ATHENS/65 and SPACE COAST SERVICES MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>COMPLAINT</u>

COMES NOW, Erin Booker, Plaintiff in the above-styled action, files her Complaint against Mansa-ATH, LLC d/b/a Home2 Suites by Hilton Athens/65 and Space Coast Services Management, Inc., in support thereof, shows as follows:

## INTRODUCTION

Erin Booker was employed by Mansa-ATH, LLC d/b/a Home2Suites by Hilton Athens/65 ("Home2Suites") in Athens, Alabama in or around October, 2024 as a Laundry Attendant. Ms. Booker was subjected to sexual harassment by Ranadel Jose Cibrian (Cibrian), a foreign national contracted by Space Coast Services Management, Inc. ("Space Coast") who also worked at the hotel. Ms. Booker complained about sexual harassment by Cibrian in or around February, 2025 to Josh

Townsend, General Manager of Home2Suites, but the behavior continued by Cibrian.

In or around June 2025, Ms. Booker complained of additional sexual harassment by Cibrian and reported Cibrian had sexually harassed a minor female her first day on the job.

Home2Suites terminated Plaintiff's employment on June 23, 2025. Space Coast failed to protect or help Ms. Booker resolve the sexual harassment by the Space Coast employee. Mansa failed to protect or help Ms. Booker resolve the sexual harassment and, instead, retaliated against Ms. Booker by terminating her for making complaints of sexual harassment.

## JURISDICTION AND VENUE

1. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

2. This Court maintains subject matter jurisdiction and is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 which provides for relief against discrimination and employment on the basis of sex (henceforth "Title VII").

3. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1343(a)(4) and 1337.

## CONDITIONS PRECEDENT

4. On July 24, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on sex and retaliation against Mansa and Space Coast. A copy of this Charge is attached hereto as Exhibit A.

5. The Plaintiff received Notice of Right-to-Sue against Mansa from the E.E.O.C. dated June 5, 2026 as to her Charge of Discrimination, and this action is being instituted within ninety (90) days of receipt by Plaintiff. A copy of the Right-to-Sue is attached hereto Exhibit B.

6. The Plaintiff received Notice of Right-to-Sue against Space Coast from the E.E.O.C. dated June 8, 2026 as to her Charge of Discrimination, and this action is being instituted within ninety (90) days of receipt by Plaintiff. A copy of the Right-to-Sue is attached hereto Exhibit C.

## PARTIES

7. Plaintiff Erin Booker is above the age of nineteen (19) and is a resident of Madison County, Alabama.

8. Defendant Home2Suites is a domestic limited liability company doing business by registered agent in the State of Alabama, within the Northern District of Alabama.

9. Defendant Space Coast is a Florida corporation doing business in the State of Alabama, within the Northern District of Alabama.

10. Defendants Home2Suites and Mansa at all times relevant were joint and/or integrated employers of the Plaintiff and Cibrian.

## FACTUAL ALLEGATIONS

10. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 9 as if fully set out herein.

11. Defendant Home2Suites is a company focusing on the hospitality sector, primarily operating as a franchise organization under the Hilton brand. It manages select-service hotels and motels and operates Home2Suites Hotel in Athens, Alabama.

12. Defendant Home2Suites used a third-party vendor, Space Coast, to supplement staffing vacancies.

13. Defendant Space Coast is an employment agency that provides individuals for employment for cleaning solutions tailored for hotels, resorts and condominiums. Space Coast sponsors foreign nationals who obtain green cards to work and live in the United States ("U.S.") and, typically, work for U.S. employers in job fields that are experiencing chronic labor shortage.

14. Plaintiff is a thirty-two (32) year old African American female who was hired in or around October 2024 by Defendant Mansa to work as a Laundry

Attendant at Home2Suites in Athens, Alabama.

15. Plaintiff was a full-time employee of Defendant Home2Suitesand earned approximately $13 an hour.

16. Plaintiff was trained in the laundry department by a Space Coast employee, Angel (l.n.u.), who left the job in early December 2024 and was replaced by Ranadel Jose Cibrian in late December 2024.

17. Ranadel Jose Cibrian ("Cibrian") is a non-English-speaking foreign national male in his fifties who was sponsored by Space Coast and employed to work with Defendant Home2Suites. Cibrian lived and worked with Defendant Home2Suites through Defendant Space Coast.

18. On Cibrian's first day of employment at Home2Suites in Athens, Alabama, he was sexually aggressive toward Plaintiff. Although Cibrian could not speak English, he used a translator app to make sexually explicit remarks to Plaintiff.

19. Cibrian continuously asked Plaintiff to go to lunch with him, although Plaintiff would tell him no. Cibrian often stood very close to her and intentionally would bump into her to get her attention and flirt with her.

20. Other co-workers noticed Cibrian sexually observing Plaintiff in such a way they would ask her if she saw the way he looked at her. Plaintiff felt like Cibrian "undressed her with his eyes" often.

21. Cibrian would say to Plaintiff in Spanish, "Esposa," or translate the

word to English, which meant “wife” or “spouse.” He would ask Plaintiff often, “Why aren’t you a wife?” or “Where is your husband?” Plaintiff would not respond to him and tried to ignore him.

22. By the end of February 2025, while Plaintiff was removing laundry from the dryer in the laundry room, Cibrian stood very  close to her or bump her in the bottom with a laundry cart. The first time it happened, Plaintiff thought it was an accident. She looked at Cibrian and he said, “I sorry, Erin.” Plaintiff moved away from him. But he bumped her in the bottom after this with the laundry cart, laughing as he did it.

23. Plaintiff reported Cibrian’s behavior to Josh Townsend (“Townsend”), the General Manager of Home2Suites. Townsend said he would talk to Cibrian, but Cibrian continued his sexually aggressive behavior.

24. Plaintiff reported Cibrian’s behavior to Pablo Manjarres (“Manjarres”), the Head Housekeeper and Plaintiff’s direct supervisor. Manjarres moved Cibrian to the housekeeping department.

25. Manjarres told Plaintiff he moved Cibrian to a different department because Manjarres and Cibrian were roommates and Cibrian would often tell Manjarres how beautiful Plaintiff was.

26. Plaintiff told Manjarres that getting in Plaintiff’s “personal space” was uncomfortable to her and was not an acceptable behavior in the U.S. In response,

Manjarres told Plaintiff that getting in someone's "personal space" was acceptable in his country.

27. A few days after Plaintiff reported Cibrian's conduct to Manjarres, Cibrian told Plaintiff she had gained weight and was eating a lot. He told Plaintiff, "mucho," meaning "much" or "a lot" in English and used his hands to make large a motion showing that her bottom was big. Cibrian laughed, but Plaintiff used the translator app to tell Cibrian that he was rude and should not talk about a woman's weight.

28. In or around late April 2025, Cibrian was removed from housekeeping and was again allowed to work with Plaintiff again in the laundry department. Plaintiff was having a conversation with her coworker, Cindy Turner ("Turner") and was folding towels on a table while Cibrian stood behind her and folded laundry. He reached down and grabbed her bottom with his hand as he walked past, which made Plaintiff jump by surprise.

29. Turner saw Plaintiff's face and asked, "What happened? Did he touch your butt?" Believing Cibrian may have unintentionally grabbed her, Plaintiff used the translator app and told Cibrian that he touched her butt and that was not acceptable. Cibrian responded by saying in Spanish, "Grande, grande!" which translated to English means "big" or "large" and laughed.

30. Plaintiff, yet again, reported this incident to Townsend who told

Plaintiff, "Really, I'll have a talk with him." Nothing was done to correct Cibrian's behavior, and Cibrian was allowed to continue working in the laundry department with Plaintiff.

31. Plaintiff reported the incident to Manjarres who said he would move Cibrian out of the laundry department again and would, himself, help Plaintiff in the laundry department.

32. On or around June 16, 2025, high school students came to Home2Suites to learn about hospitality. Plaintiff was in charge of working with a 16-year-old girl. Cibrian was allowed to work in the same department with Plaintiff and the girl on that day. Plaintiff told the girl if she felt uncomfortable at any time to let Plaintiff know.

33. While the girl was sorting laundry, Cibrian was loading laundry into the washer and intentionally hit the girl in the bottom with the laundry cart three times. Plaintiff had the girl move to another table in the room and stood in between the girl and Cibrian.

34. Cibrian got so close to Plaintiff's face while he was folding blankets that Plaintiff could feel his breath on her. Plaintiff used the translator app and told Cibrian he was too close to her face and he said, "I'm sorry, Erin." He continued folding blankets and purposely hit her on the bottom three times.

35. Plaintiff and the girl took a lunch break to get away from Cibrian. When

they returned, Cibrian again worked with Plaintiff and the girl. The girl was uncomfortable and upset because he kept hitting her on the butt with the laundry cart and kept coming very close to her. The girl ended up quitting that day.

36. Plaintiff, yet again, reported the incidents to Townsend, but nothing was done to correct Cibrian's behavior. He was sent back to work in the laundry department with Plaintiff, creating a very hostile environment for Plaintiff and causing her to be afraid to be alone with him.

37. Just one week after Plaintiff's final complaint of Cibrian's inappropriate behavior, she was fired from her employment at Home2Suites allegedly for missing too many days of work over a period of four months.

38. Throughout Plaintiff's employment with Home2Suites, she consistently demonstrated dedication, professionalism, and a strong work ethic.

39. Plaintiff was subjected to sexual harassment and terminated in violation of Title VII of the Civil Rights Act of 1964, as amended.

## CAUSES OF ACTION

### Count I
### Violation of Title VII of the Civil Rights Act of 1964 as Amended

40. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 39 as if fully set out herein.

41. Plaintiff has been subjected to sexual harassment, gender discrimination and retaliation.

42. Defendants condoned and tolerated the sexual harassment by doing nothing after it was reported to management, allowing the sexual harassment to continue, in violation of Title VII of the Civil Rights Act of 1964.

43. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, expenses, costs, and injunctive relief, and declaratory judgment is her only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

44. Plaintiff has and will continue to suffer irreparable injury from Defendant' unlawful policies and practices set forth herein unless enjoined by this Court.

## COUNT II
## Retaliation under
## Title VII of the Civil Rights Act of 1964

45. Paragraphs 1 through 39 are incorporated by reference herein as if set out in full.

46. Plaintiff engaged in protective activity under Title VII by opposing unlawful employment practices when she complained to her supervisors about

sexual harassment by Cibrian on multiple occasions.

47. Defendants knew that Plaintiff had engaged in protected activity by making multiple complaints of sexual harassment.

48. Just one week after Plaintiff's final complaint about Cibrian's inappropriate behavior, Defendants Home2Suites and Space Coast terminated and/or contributed to the termination of the Plaintiff's employment.

49. Defendants Home2Suites and Space Coast retaliated against Plaintiff by terminating her, and/or contributing to, termination of the Plaintiff's in response to Plaintiff opposing employment practices that Plaintiff reasonably believed to be unlawful.

50. Defendants subjected Plaintiff to adverse employment action regarding the terms, conditions, and privileges of her employment for complaining of sex-based discrimination and sexual harassment.

51. The temporal proximity between Plaintiff's protected activity and her termination, combined with Defendants' failure to address the sexual harassment despite multiple complaints, demonstrates that Plaintiff's termination was causally. connected to her protected activity.

52. Defendants' retaliatory conduct was done willfully and with malicious and reckless disregard for the federally protected rights of Plaintiff.

53. Plaintiff has and will continue to suffer irreparable injury from Defendant' unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF UNDER TITLE VII

**WHEREFORE**, Plaintiff demands judgment and relief against Defendant Mansa and Defendant Space Coast as follows:

a) Entering an Order accepting jurisdiction over this matter;

b) Declaring that Defendants engaged in conduct unlawful under Title VII of the Civil Rights Act of 1964;

c) Enjoin the Defendants from engaging in such conduct in the future;

d) Awarding Plaintiff a judgment for all damages against Defendants allowed under Title VII of the Civil Rights Act of 1964;

e) Granting equitable, declaratory and/or injunctive relief as permitted to remedy the effects of Defendants' unlawful conduct;

f) Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

g) Granting such other and further relief as the Court deems just and proper.

## Count III
## Assault

47. Paragraphs 1 through 39 are incorporated by reference herein as if set out in full.

48. While Plaintiff was employed by Defendant and while acting within the line and scope of her employment with Defendant, Cibrian committed an intentional touching, and/or threat of the same, on Plaintiff's person, in a rude, threatening or explicit manner, under such circumstances that said touching created in Plaintiff a well-founded fear of an imminent battery.

49. At the same time of the touching, and/or threat of the same, Defendants had the ability and opportunity to stop the conduct.

50. As a direct and proximate result of the patient's conduct, the Plaintiff was caused to suffer personal injury and severe emotional distress.

51. Defendants ratified and condoned the hostile work environment created by Cibrian because Plaintiff reported the assault to more than one of her supervisors and nothing was done, allowing the sexual assault to continue even after it was reported.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

**Count IV**
**Battery**

52. Paragraphs 1 through 39 are incorporated by reference herein as if set out in full.

53. While Plaintiff was acting within the line and scope of her employment with Defendant, she was wrongfully subjected to offensive contact on her person by Cibrian.

54. Defendants ratified and condoned the wrongful touching by Cibrian because the Plaintiff reported the contact to more than one of her supervisors, and the sexual battery by Cibrian continued even after it was reported.

55. As a direct and proximate result of Cibrian's conduct, Plaintiff was caused to suffer personal injury and severe emotional distress.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

**Count V**
**Negligent/Wanton Hiring, Training, Supervision and/or Retention**

56. Paragraphs 1 through 39 are incorporated by reference herein as if set out in full.

57. Defendants, as the joint and/or integrated employer, owner or operator of the place of employment by the Plaintiff, is and was imposed with the general duty to responsibly hire, train and supervise employees.

58. Defendant owed a further duty to Plaintiff to responsibly train, supervise and retain employees so as to properly maintain work environment free from any risk to employees at the hands of coworkers or supervisors therein.

59. Defendant breached its duty by negligently and/or wantonly failing to properly hire, train and/or supervise Cibrian, who subjected the Plaintiff to assault, battery, and/or invasion of privacy, whether intentionally or negligently, within the line and scope of his employment. The Defendants were made aware of this conduct when the Plaintiff reported it to one or more of her supervisors, yet nothing was done and the tortious conduct continues.

60. As a direct and proximate result of the breach of its duty by Defendants, the Plaintiff has suffered from and incurred emotional and mental anguish.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## Count VI
## Invasion of Privacy

61. Paragraphs 1 through 39 are incorporated herein as if set out in full.

62. The nature of the intrusions into Plaintiff's privacy, referred to herein, was so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

63. Defendant ratified and condoned the invasion of Plaintiff's privacy by Cibrian because Plaintiff reported the misconduct to more than one of her supervisors yet the conduct was allowed to continue.

64. As a direct and proximate result of the unreasonable and illegal action of Defendants, Plaintiff has suffered from mental and physical anguish and severe emotional distress.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this 2nd day of September, 2026.

*/s/ Eric J. Artrip*
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Holmes Ave. NE, Ste. 100
Huntsville, AL 35801
P: (256) 532-2222
F: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

MANSA-ATH, LLC D/B/A HOME2 SUITES BY HILTON ATHENS/65
c/o Rupesh Patel, Registered Agent
1775 Glasscott Trail
Hoover, AL 35226

SPACE COAST SERVICES MANAGEMENT, INC.
c/o Henrique Alcoforado, Registered Agent
4054 Snowy Egret Dr.
Melbourne, FL 32904

*/s/ Eric J. Artrip*
Eric J. Artrip